UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**UNITED STATES OF AMERICA**

    **Plaintiff,**

**-v-**

**7046 PARK VISTA ROAD**

    **Defendant.**

Case No. C-3-02-557

Judge Thomas M. Rose

---

**ENTRY AND ORDER OVERRULING GILLINGHAM'S MOTION FOR A STAY (Doc. #54)**

---

The United States filed a Complaint for Forfeiture In Rem against real property known as 7046 Park Vista Road, Englewood, Ohio with all improvements, appurtenances and attachments thereon ("7046 Park Vista"). (Doc. #1.) Title owner Brian Gillingham ("Gillingham") filed a Verified Claim (doc. #6) to 7046 Park Vista. Subsequently, this Court granted summary judgment to the United States and ordered 7046 Park Vista forfeited. (Doc. #51, 52.) Gillingham then appealed the Summary Judgment and Decree of Forfeiture. (Doc. #55.)

Now before the Court is a Motion for a Stay filed by Gillingham. (Doc. #54.) Gillingham wants the Court to stay execution of the judgment of forfeiture pending his appeal. The United States responds that Gillingham's Motion should be denied because Gillingham has not cited a legal or statutory basis for the stay and a stay is not necessary to preserve Gillingham's rights to the full value of 7046 Park Vista.

Section 1335(c) of Title 28 provides that in a case, such as this, where a final order disposing of property in a civil forfeiture action is appealed, the district court "shall issue any order necessary to preserve the right of the appealing party to the full value of the property at

issue, including a stay of the judgment of the district court pending appeal or requiring the prevailing party to post an appeal bond." Section 1335(c) also provides that removal of the property by the prevailing party does not deprive the court of jurisdiction so a stay of the forfeiture is not necessary to assure appellant court jurisdiction. *See Republic National Bank of Miami v. United States*, 506 U.S. 80, 88-89 (1992).

While the plain language seems to require the court to issue a stay pending appeal if necessary to preserve the full value of the property, courts have applied a four-part test for determining whether to grant a stay. *United States v. $14,876.00 U.S. Currency*, No. CIV. A. 97-1967, 1998 WL 37522 at *1 (E.D. La. Jan. 29, 1998). First, the appellant, Gillingham in this case, must show that he is likely to prevail on the merits on appeal. *United States v. Various Tracts of Land In Muskogee and Cherokee Counties*, 74 F.3d 197 (10th Cir. 1996). Second, the appellant must show that he will be irreparably harmed in the absence of a stay. *Id.* Third, the appellant must show that other parties will not be substantially harmed by the entry of a stay. *Id.* Finally, the appellant must show that the public interest favors a stay. *Id.*

Each of the four parts of the test will be evaluated with regard to Gillingham's request for a stay. Gillingham offers no argument regarding any of the factors and simply concludes, "[t]here will be no harm to anyone because this is a parcel of real estate and certainly cannot disappear or vanish. Defendant has substantial issues presented in this appeal and therefore in the interest of justice defendant moves for a stay."

<u>Success On the Merits</u>

Gillingham has offered no argument that he is likely to prevail on the merits on appeal. Further, the statement that, "Defendant has substantial issues presented in this appeal…" does

-2-

not demonstrate the likelihood of success.

### Irreparable Harm

There is no evidence or indication that Gillingham will suffer irreparable harm if the stay is not granted. Gillingham was sentenced to 11 years in prison and is not expected to be released until 2015. Affidavit of Michael Lang ("Lang Aff.") ¶ 7 Apr. 30, 2008.) The rem is a residence located at 7046 Park Vista in a neighborhood of single family, owner occupied homes in Englewood, Ohio, (Id. ¶ 4) and Gillingham has not shown that 7046 Park Vista is special or irreplaceable. Further, should Gillingham prevail on appeal, he would be entitled to compensation of the full value of 7046 Park Vista.

### Harm To Others

The United States will be harmed if the stay is granted. It is likely that 7046 Park Vista will decline in value during the time taken for Gillingham's appeal.

When 7046 Park Vista was initially searched in 2002 in conjunction with the investigation into Gillingham's actions, the interior was "filthy and unkept." (Id. ¶ 3.) When the U.S. Marshal later took custody of 7046 Park Vista in 2008, he discovered that it had been rented by Gillingham. (Id. ¶ 6.) The U.S. Marshal entered into a rental agreement with the occupants who moved out shortly thereafter. (Id.) The residence was sitting vacant as of April 30, 2008. (Id.)

Keeping the residence vacant or as a rental unit will likely cause it to decrease in value. In addition, granting a stay will increase the burden on and expenses of the U.S. Marshal. Finally, the above harm to the United States would be harm to Gillingham if his appeal is successful.

<u>Public Interest</u>

The only affected public interest identified by either of the Parties is the United States' interest in enforcing the forfeiture laws. The United States has an interest in taking away property used to commit a crime. That interest, according to the United States, is particularly important in this case where Gillingham has been convicted of gross sexual imposition of a minor child and used the privacy of the residence to commit that crime. Also, the interest of local law enforcement in receiving a share of the proceeds of forfeited assets would be impacted by a delay in disposal of the residence.

## CONCLUSION

A stay is not necessary to preserve Gillingham's rights to 7046 Park Vista. He has not demonstrated a likelihood of the success of his appeal. He has not demonstrated that 7046 Park Vista is special or irreplaceable or that he will be irreparably harmed by the absence of a stay. However, the United States has demonstrated that it would be harmed and that the public interest would be served by sale of 7046 Park Vista.

Therefore, Gillingham's Motion for a Stay is OVERRULED. Should Gillingham prevail on appeal, he will be due and may receive the full value of 7046 Park Vista from the United States.

**DONE and ORDERED** in Dayton, Ohio, this Fifth day of June, 2008.

                **s/Thomas M. Rose**
                _____
                THOMAS M. ROSE
                UNITED STATED DISTRICT JUDGE

Copies furnished to:

  Counsel of Record